1
2
3
4

**Dianne Crandell Kerns, Trustee**
**Office of the Chapter 13 Trustee**
Mailing Address:
7320 N. La Cholla #154-413
Tucson, AZ 85741
TELEPHONE 520.544.9094
FACSIMILE 520.544.7894
MAIL@DCKTRUSTEE.COM

5
6
7
8

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

9
10
11
12
13
14

| In re: | In Proceedings Under Chapter 13 |
|---|---|
| CHRISTOPHER A CARLS | Case No. 4:10-bk-18402-JMM |
| ROCHELLE M CARLS, | TRUSTEE'S OBJECTION / EVALUATION RE: PLAN OF |
| Debtors, | REORGANIZATION (DKT 22) |

15
16
17
18
19

DIANNE C. KERNS, the standing Chapter 13 Trustee, hereby objects to the proposed plan of reorganization and requests that the following matters be resolved by submitting a proposed stipulated order on confirmation (hereinafter "SOC") addressing the matters described below or by setting a hearing on the objection within 30 days of this objection/evaluation.

20
21
22
23
24
25
26

**\*\*\*\*\*IF YOU FAIL TO SUBMIT A <u>TIMELY</u> STIPULATED ORDER OF CONFIRMATION THAT ADDRESSES <u>ALL ISSUES RAISED IN THE TRUSTEE'S EVALUATION/OBJECTION</u> OR FAIL TO SET A HEARING ON THE OBJECTION, THE TRUSTEE WILL FILE A NOTICE OF INTENT TO DISMISS THE CASE FOR FAILURE TO CONFIRM THE PLAN\*\*\*\*\***

**Please note that it is the Attorney's responsibility to review all proofs of claim and plan objections filed with the court and resolve any discrepancies between the claims and the Plan prior to submitting a SOC to the Trustee.**

**The Trustee requires that any proposed Order Confirming Plan state:**

**"Debtors' is instructed to remit all payments on or before the stated due date each month. Debtors' are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".**

**"General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."**

**Note to Pro Se Debtors**.  Debtors' who are proceeding without the assistance of an attorney should take note that the Trustee's office cannot give legal advice.  Trustee's office cannot negotiate with your creditors, draft legal pleadings, or otherwise take action to make sure that your plan is confirmed.  It is your responsibility to make all necessary changes to your plan of reorganization and, if you wish to have your plan confirmed, submit to the Trustee an order confirming your plan.  Failure to do so will result in the dismissal of your case.

A.      Plan Payments.      The plan proposes payments of $1,160.00 per month, commencing in July 23, 2010, for a period of 60 months.  The Debtors' have made payments in the total amount of $1,160.00.  The Debtors' are current on these payments through August 23, 2010.  The Trustee will not stipulate to confirmation unless the plan payments are current.

B.      Plan Duration.  In the event that other property is submitted to the Trustee by the Debtors' it shall be treated as advance plan payments.  Any Order Confirming the Plan must include the provisions that in no event will the duration of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

C.    Proofs of Claim.   Prior to submitting a proposed SOC to the Trustee, counsel must review all proofs of claim filed with the court and resolve discrepancies, if any, regardless of whether an objection to confirmation has been filed.  This can be done either 1.) By obtaining the creditor's signature stipulating confirmation or 2.) Filing an objection to the proof of claim and obtaining a court ruling thereon.

To date the Trustee has noted that the following creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan: **TOYOTA MOTOR CREDIT (Claims 2 & 3)**.

To date the following creditors listed in the Plan have not filed proofs of claims: **NONE**.

**The Trustee will not recommend confirmation until all claim discrepancies have been resolved**.

a.    Objections to Confirmation.  The debtors shall resolve plan objections by submitting a proposed SOC to the Trustee or by setting a hearing on the objection within 30 days of this objection/evaluation.  If the debtor wishes to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to the Trustee. If the resolution of the objection requires changes which have an adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided. To date the Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: **NONE**.

D.    Schedule F.  Trustee notes that the Debtors' were requested to amend their Schedule F to add a creditor that was not listed.  Trustee notes that to date Debtors' Schedule F has not been amended and requests that the Debtors' address this matter.

E.     <u>2008 and 2009 Tax Returns.</u>  Trustee requests copies of tax returns for two years prior to filing this case to verify the annual income listed on the Statement of Financial Affairs question 1. Trustee notes that this is the second request for a copy of the Debtors' 2008 and 2009 tax returns. Trustee further notes that 11 U.S.C. Sec. 521(e)(2)(A)(i) requires that tax returns be provided to the Trustee not later than seven (7) days prior to the date first set for the 341 meeting. This was not done. Trustee requests a copy of the Debtors' 2008 and 2009 tax returns for review. Trustee reserves the right to seek conversion or dismissal for failing to comply with Sec. 521(e)(2)(A)(i).

F.     <u>Daycare Expense.</u>  Trustee notes that the Debtors' have been requested to provide proof of the daycare expense listed on Debtors' Schedule J and Means Test. Trustee notes that to date no documentation has been received and requests that the Debtors' address this matter.

G.     <u>Adequate Protection Payments.</u>  Trustee is advising the Debtors' to file notice for the Adequate Protection Payments to Toyota Motor Credit in the amounts of $195.65 and $193.13. Trustee notes that the creditor has filed proofs of claim. Trustee requests that the Debtors' file the notice so that the Trustee's Office may commence the adequate protection payments.

H.     <u>Toyota Motor Credit Proof of Claim 2.</u>  Trustee notes that the creditor has filed a secured proof of claim in the amount of $19,074.04 for the Debtors' 2009 Toyota Sienna and the Debtors' plan proposes to pay $19,022.00 plus 5.50% interest and $193.13 a month in adequate protection payments. Trustee requests that the Debtors' address this matter.

I.     <u>Toyota Motor Credit Proof of Claim 3.</u>  Trustee notes that the creditor has filed a secured proof of claim in the amount of $19,182.67 for the Debtors' 2008 Toyota Tundra and the Debtors' plan proposes to pay $19,138.00 plus 5.50% interest and $195.65 a month in adequate protection payments. Trustee requests that the Debtors' address this matter.

J.      Plan Feasibility.  Pursuant to the Trustee's calculations, the Chapter 13 Plan is not feasible at this time because it does not comply with 11 U.S.C.§1325(b)(1)(B).  The Chapter 7 Liquidation results in a dividend to unsecured creditors of $20,604.81.  Pursuant to the Trustee's calculations, the dividend to unsecured creditors is $18,795.02.  However, the Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claims once the claims bar date has passed in this case.

K.      Submission of Proposed SOC.  If the debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit.  The Notice, SOC, and filing receipt may then be transmitted to the Trustee via electronic mail (mail@dcktrustee.com) or first class mail.  The Trustee will not review a proposed SOC if it does not appear on the court's docket.

RESPECTFULLY SUBMITTED this 6th day of August, 2010.

OFFICE OF THE CHAPTER 13 TRUSTEE
7320 N. La Cholla #154-413
Tucson, AZ  85741


By /s/  DCK 011557
        Dianne C. Kerns, Chapter 13 Trustee


A copy of the foregoing filed was with the
United States Bankruptcy Court and
a copy together with a receipt of filing
transmitted via electronic or first class
mail this 8/6/2010 to:

CHRISTOPHER A CARLS
ROCHELLE M CARLS
13800 E VIA DE LA PRESA
VAIL, AZ 85641
Pro Se Debtors

By: <u>NC</u>